SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: (480) 306-5458
Fax: (480) 306-5459

KENNETH M. MOTOLENICH-SALAS (AZ Bar No. 027499, *Pro Hac Vice forthcoming*)
ken@motosalaslaw.com
**MOTOSALAS LAW, PLLC**
16210 North 63rd Street
Scottsdale, Arizona 85254
Tel: (202) 257-3720

*Attorneys for Plaintiff Pacific International Liquor, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pacific International Liquor, Inc., a California corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Oliana Experience LLC, a California limited liability company,<br><br>　　　　　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)**<br>**(2) FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)**<br>**(3) DENIAL OF TRADEMARK REGISTRATION UNDER 15 U.S.C. § 1119**<br>**(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br>**(5) TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**<br>**(6) UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pacific International Liquor, Inc. ("Pacific International Liquor"), by and through undersigned counsel, for its Complaint against Defendant Oliana Experience LLC ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1); false designation of origin under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); denial of trademark registration pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1119; unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*; and for substantial and related claims of unfair competition and trademark infringement under the common law of the State of California, all arising from the Defendant's unauthorized use of the mark KOBE YUBINA ESTATE ("Infringing Mark") in connection with the advertising, promotion, manufacture, offering for sale, sale, and distribution Defendant's goods, namely, wine.

2. Pacific International Liquor seeks injunctive and monetary relief.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

4. Venue is proper in this district under (a) 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, (b) 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and (c) 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

**PARTIES**

5. Plaintiff Pacific International Liquor is a corporation organized under the laws of the State of California and does business in California, having its principal place of business located in Los Angeles, CA at 4611 S. Alameda Street, Los Angeles, CA 90058.

6. Defendant Oliana Experience LLC ("Defendant") is a limited liability company organized under the laws of California and does business in California, having its principal place of business located in Solano County, California at 590 Christine Drive, Vacaville, California 95687.

**ALLEGATIONS COMMON TO ALL CLAIMS**

**Plaintiff and Its Trademarks and Trade Names**

7. Pacific International Liquor is a long-established (March 1997) corporation importing high-quality Asian spirits. Specifically, Pacific International Liquor is a leading sake and beer importer (including KAWABA® beer, the most well-known Japanese craft beer in the United States), and brand owner of exclusive, top-selling sake brands like KUROSAWA®, KIGEN® and LUCKY CUP®.

8. Among its brands, Pacific International Liquor's brands includes KOBE®, its exclusive brand of sake (ginjo style).

9. Pacific International Liquor is the owner of valid and subsisting United States Trademark Registration No. 6,629,464 ("the '464 Registration") on the Principal Register in the United States Patent and Trademark Office for the trademark KOBE (hereinafter, "Kobe Mark") for sake in International Class 033, which matured from an application with a filing date of May 10, 2018 and has a date of first use in commerce of November 8, 2021. Attached hereto as Exhibit 1 is a true and correct copy of the registration certificate for the '464 Registration, which was issued by the United States Patent and Trademark Office on January 25, 2022.

10. Plaintiff has used the Kobe Mark in commerce throughout the United States continuously since November 8, 2021 in connection with the distribution, provision, offering for sale, sale, marketing, advertising and promotion of sake, which is defined under the Federal Alcohol Administration (FAA) Act as a wine (27 C.F.R. § 4.10)[1], specifically, a wine produced from rice [27 C.F.R. § 4.21(f)(5)]. Attached hereto as Exhibit 2 are copies of representative samples of materials showing Plaintiff's use of the Kobe Mark in connection with sake.

11. As a result of its widespread, continuous and exclusive use of the Kobe Mark to identify its sake and Pacific International Liquor as its source, Pacific International Liquor owns valid and subsisting federal statutory and common law rights to the Kobe Mark.

12. Pacific International Liquor's Kobe Mark is distinctive to both the consuming public

---

[1] 27 CFR part 4 (wine labeling and advertising) is the enabling regulations of the Federal Alcohol Administration (FAA) Act.

and Pacific International Liquor's trade.

13. Pacific International Liquor has expended substantial time, money, and resources marketing, advertising, and promoting the sake sold under the Kobe Mark in interstate commerce, including but not limited to through (a) Pacific International Liquor's website, https://sakeatpil.com/product/kobe-sake-2/ (a true and correct copy of which accessed on January 29, 2025 is attached hereto as Exhibit 3); (b) a website owned and operated by Pacific International Liquor that is solely dedicated to the marketing and advertising of sake sold under the Kobe Mark found at https://kobesake.com/ (a true and correct copy of which accessed on January 29, 2025 is attached hereto as Exhibit 4); (c) promotional efforts through the distributors of Kobe Sake, all of which also sell other varieties of wine such as wine made from grapes; and (d) Pacific International Liquor's social media sites on Facebook and Instagram.

14. Such advertising and sale of sake under the Kobe Mark has been continuous since November 2021.

15. During the period from 2021 to the present, Pacific International Liquor has expended significant financial resources on the marketing, advertising, and promotion of sake sold under the Kobe Mark.

16. Consistent with the three tiered-sale and distribution system in place in most states for alcoholic beverages, Pacific International Liquor sells, distributes, and provides sake directly to its authorized distributors (wholesalers), which are also distributors of wine made from grapes. These distributors in turn sell, distribute, and provide sake under the Kobe Mark to retailers and restaurants, who also sell wine made from grapes. These retailers and restaurants in turn sell, distribute, and provide such sake, along with wine made from grapes, to consumers.

17. Pacific International Liquor has enjoyed tremendous success in the sale of sake under the Kobe Mark, including increasing sales year over year from 2021 through to the present.

18. The sake Pacific International Liquor offers under the Kobe Mark is of high quality, and as a result of Pacific International Liquor's financial investment and efforts, the Kobe Mark has come to signify the high quality of the sake designated by the Kobe Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Pacific International Liquor.

19. Pacific International Liquor's Kobe Mark is inherently distinctive to both the consuming public in the United States and Pacific International Liquor's trade in interstate commerce.

20. Furthermore, Pacific International Liquor has expended substantial resources obtaining and maintaining governmental licenses for importing and wholesaling which has enabled Pacific International Liquor to sell and distribute sake under the Kobe Mark in the United States.

**DEFENDANT'S UNLAWFUL ACTIVITIES**

21. Upon information and belief, Defendant is, like Pacific International Liquor, engaged in the business of distributing, advertising, promoting, offering for sale, and selling alcoholic beverages, and Defendant is a direct competitor of Plaintiff.

22. Without Pacific International Liquor's authorization, and upon information and belief, beginning long after Pacific International Liquor acquired protectable exclusive rights in its Kobe Mark, Defendant adopted and began using KOBE YUBINA ESTATE (hereinafter, the "Infringing Mark") in interstate commerce in connection with the promotion, advertisement, offering for sale, sale, and distribution of alcoholic beverages, namely, grape-derived wine and brandy. Attached hereto as Exhibit 5 is a true and correct copy of webpages collected on January 29, 2025 from Defendant's website, https://www.kobeyubinaestates.com/ ("Infringing Domain"), which show the use of the Infringing Mark in connection with such commercialization of alcoholic beverages.

23. The Infringing Mark, which is used by Defendant in connection with the commercialization of alcoholic beverages (grape-based wine and brandy) is a mark nearly identical and confusingly similar to the senior Kobe Mark, which Pacific International Liquor uses for sake, also an alcoholic beverage and wine. Specifically, the principal portion of the Infringing Mark is identical to the Kobe Mark (*viz.,* "Kobe"), has a very similar visual appearance and aural impression, yielding a strikingly and confusingly similar overall commercial impression between the junior Infringing Mark used by Defendant and the senior Kobe Mark owned by Pacific International Liquor.

24. Upon information and belief, the alcoholic beverages Defendant has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are in close competitive proximity to the sake sold by Pacific International Liquor under the Kobe Mark. Specifically, Defendant manufactures under the Infringing Mark wine and brandy derived from

grapes, both alcoholic beverages regulated by law like the rice-based wine (i.e., sake) which Pacific International Liquor manufactures under the Kobe Mark. Further, Defendant advertises, promotes, offers to sell, and sells its alcoholic beverages under the Infringing Mark to alcoholic beverage distributors (wholesalers) in the United States, who in turn also are the target consumer of Pacific International Liquor's advertising, promoting, offering for sale, and selling its sake under the Kobe Mark.

25. The wholesalers who purchase Defendant's alcoholic beverages sold under the Infringing Mark and also purchase Pacific International Liquor's sake sold under the Kobe Mark in turn sell both parties' products to retailers and restaurants in the same geographic region (i.e., the United States), who in turn offer and sell both parties' products to consumers.

26. According to the Infringing Domain's WhoIs Record accessed on January 29, 2025, a true and correct copy of which is attached hereto as Exhibit 6, the Infringing Domain was created on January 5, 2024, long after Pacific International Liquor's adoption of the Kobe Mark in May 2018.

27. And, with respect to those goods of Defendant (grape-based wine and brandy) offered under the Infringing Mark which are not identical to Pacific International Liquor's sake offered under the Kobe Mark, the grape-based wine and brandy are in the zone of natural expansion for Pacific International Liquor in that consumers of grape-based wine and brandy commonly purchase or consume sake, either simultaneously at the point of sale (i.e., for consumers, at the retail outlet and for retailers, at the wholesaler) or consumption (i.e., for consumers, at the restaurant or bar) or another time at the same point of sale or consumption after concluding a sale or consumption, and therefore it would be natural for the customers or consumers of sake sold under the Kobe Mark by Pacific International Liquor to inquire on the possibility of obtaining grape-based alcoholic beverages offered by Defendant under the Infringing Mark.

28. Upon information and belief, Defendant has provided, marketed, advertised, promoted, offered for sale, and sold its grape-based alcoholic beverages under the Infringing Mark in the identical geographic region (i.e., throughout the United States) to similarly-situated consumers (i.e., alcoholic beverage distributors).

29. Upon information and belief, Defendant has marketed, advertised, and promoted its

grape-based wine under the Infringing Mark through the identical or similar marketing, advertising, and promotional channels and media long after those channels were utilized by Pacific International Liquor to market its sake under the Kobe Mark, including but not limited to the internet, trade shows, sales calls to alcoholic beverage wholesalers/distributors, and direct mailings to such wholesalers/distributors.

30. By way of example only and not of limitation, JFC International Inc., one of Pacific International Liquor's long-standing distributors with which it has had a sixteen-year relationship including the three years since Pacific International Liquor first launched the sale of sake under the Kobe Mark, also sells Defendant's brandy marketed under the Infringing Mark, as shown in a true and correct copy of a search page from JFC International Inc.'s website for the term "kobe" conducted on January 29, 2025, https://www.jfc.com/search?query=kobe&type=product, which is attached hereto as Exhibit 7.

31. Defendant has actual knowledge of Pacific International Liquor's superior rights in the Kobe Mark as manifested by its awareness of the existence of the '464 Registration as of March 6, 2024, the date of an office action issued by the Trademark Office during the prosecution of Defendant's application to register the Infringing Mark (Ser. No. 98157381, hereinafter, the "'381 Application"), a true and correct copy of which is attached hereto as Exhibit 8.

32. As of the date of this Complaint, Defendant's application is pending at the Trademark Office awaiting review of a specimen of use submitted by Defendant (*see* Exhibit 9, a true and correct copy of a status report for the '381 Application as of January 29, 2025 accessed through the Trademark Office's Database, which, if approved, would allow for registration of the Infringing Mark, causing Pacific International Liquor irreparable harm and damage.

33. In an attempt to avoid litigation, on December 9, 2024, Pacific International Liquor's counsel sent a cease-and-desist letter to Defendant objecting to Defendant' use of the Infringing Mark, a true and correct copy of which is attached hereto as Exhibit 10. Defendant did not agree to the demands made in the letter.

34. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of

the Defendant's goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant' goods originate from, are associated or affiliated with, or otherwise authorized by Pacific International Liquor.

35. The likelihood of confusion is unsurprising given the proximate nature of the parties' goods, with each offering nationwide alcoholic beverages to distributors and wholesalers of such beverages.

36. The acts and conduct of Defendant, as alleged herein, constitute (a) infringement of Pacific International Liquor's federal statutory and federal and state common law rights in the Kobe Mark by creating a likelihood of confusion in the marketplace, (b) a wrongful attempt to register the Infringing Mark which would cause harm to Pacific International Liquor, and (c) unfair competition under federal and state statutory and common law by the aforementioned likelihood of confusion and misappropriation of the reputation and goodwill of Pacific International Liquor.

37. Given the strong similarity of the parties' goods and customers coupled with the near identicalness between the senior Kobe Mark and the Infringing Mark, customers will, if not enjoined by a Court, assume the goods offered by a party comes from the other party.

38. Upon information and belief, Defendant's acts are willful with the deliberate intent to (a) trade on the goodwill of Pacific International Liquor's Kobe Mark, (b) cause confusion and deception in the marketplace, and (c) divert potential sales of Pacific International Liquor's products to Defendant.

39. Defendant's acts have caused, are causing, and, unless enjoined, will continue to cause damage and immediate, actual, great, and irreparable harm to Pacific International Liquor and to its valuable reputation and goodwill with the consuming public for which Pacific International Liquor has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF

**Trademark Infringement**
**15 U.S.C. § 1114(1)**

40. Plaintiff repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is

COMPLAINT

likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Pacific International Liquor, or that Defendant is in some way affiliated with or sponsored by Pacific International Liquor. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Pacific International Liquor's prior rights in the Kobe Mark and with the willful intent to cause confusion and trade on Pacific International Liquor's goodwill.

43. Defendant's conduct is causing immediate and irreparable harm and injury to Pacific International Liquor, and to its goodwill and reputation, and will continue to both damage Pacific International Liquor and confuse the public unless enjoined by this court.

44. Pacific International Liquor has no adequate remedy at law.

45. Pacific International Liquor is entitled to, among other relief, preliminary and permanent injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

**Unfair Competition (False Designation of Origin)**
**15 U.S.C. § 1125(a)(1)(A)**

46. Pacific International Liquor repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Pacific International Liquor, or that Defendant is in some way affiliated with or sponsored by Pacific International Liquor.

48. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

9
COMPLAINT

49. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Pacific International Liquor.

50. Defendant's conduct as alleged herein constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

51. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Pacific International Liquor, and to its goodwill and reputation, and will continue to both damage Pacific International Liquor and confuse the public unless enjoined by this court.

52. Pacific International Liquor has no adequate remedy at law.

53. Pacific International Liquor is entitled to, among other relief, preliminary and permanent injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF

**Denial of Federal Trademark Registration**
**15 U.S.C. § 1119**

54. Pacific International Liquor repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Through the '381 Application, Defendant seeks to register a mark (*viz.*, the Infringing Mark) that is confusingly similar to Pacific International Liquor's Kobe Mark on substantially similar goods.

56. Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark [such as the Kobe Mark] the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

57. Plaintiff believes that it will be damaged by the registration of the Infringing Mark that is the subject of the '381 Application on grounds that it will create a likelihood of confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Pacific

International Liquor, or as to the origin, sponsorship, or approval of Defendant's goods and commercial activities by Pacific International Liquor.

58. As such, pursuant to 15 U.S.C. § 1119, Pacific International Liquor seeks a declaration from this Court that (a) Defendant does not have the right to registration of the Infringing Mark and, (b) if such mark were to register on the Principal Register of the U.S. Trademark Office, ordering the cancellation of such registration, both on grounds that the Infringing Mark is confusingly similar to the Kobe Mark it is likely to cause confusion or mistake, and/or to deceive the public as to the source, quality and nature of Defendant's goods, and/or to cause members of the relevant public and trade to believe that Defendant's goods are provided by or in affiliation with or under the license, sponsorship or approval of Pacific International Liquor when used in connection with the identical, substantially similar, or related goods.

## FOURTH CLAIM FOR RELIEF

**Trademark Infringement**
**California Common Law**

59. Pacific International Liquor repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. California common law recognizes a claim for trademark infringement. *Pelm Prods. LLC v. Plaza Fabrics Inc.,* Case No. 2:19-cv-08017-ODW (MAAx), *4-5 (C.D. Cal. Mar 23, 2020) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178-80 (9th Cir. 1988), *Rearden LLC v. Rearden Commerce, Inc.,* 683 F.3d 1190, 1221 (9th Cir. 2012), *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.,* 998 F. Supp. 2d 890, 897-903 (C.D. Cal. 2014), and *Charisma Brands, LLC, v. AMDL Collections, Inc.,* No. 8:19-cv-00312-JLS (KESx), 2019 WL 6331399, at *3, 6 (C.D. Cal. Sept. 3, 2019)).

61. Defendant's unauthorized use of the Infringing Mark is likely to cause confusion and mistake in the mind of the purchasing public and, thus, constitutes infringement of Pacific International Liquor's trademark rights in violation of the common law.

62. Defendant's continued use of the Infringing Mark without Pacific International Liquor's consent constitutes trademark infringement pursuant to California common law.

63. Pacific International Liquor has suffered and will continue to suffer irreparable harm as a result of Defendant's conduct, and Pacific International Liquor is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it from engaging in such infringing acts.

64. On information and belief, Defendant's Infringing Mark was adopted with full knowledge of Pacific International Liquor's common law rights in the Kobe Mark for the purpose of trading upon the goodwill associated with the Kobe Mark, and to obtain recognition and demand for Defendant's products that Defendant otherwise would not have had.

65. As such, Defendant's acts were done intentionally and with knowledge of Pacific International Liquor's trademark rights, and thus constitute deliberate and willful infringement.

66. As a result of this trademark infringement, Pacific International Liquor has sustained, and continue to sustain, damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

67. Pacific International Liquor is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts constituting common law trademark infringement. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of their acts of unfair competition, but will prove such gains, profits, and advantages at trial.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition
### California Common Law

68. Pacific International Liquor repeats and realleges paragraphs 1 through 67 hereof, as if fully set forth herein.

69. In addition to statutory unfair competition, California common law recognizes a claim for unfair competition. *Pelm Prods. LLC v. Plaza Fabrics Inc.,* Case No. 2:19-cv-08017-ODW (MAAx), *5-6 (C.D. Cal. Mar 23, 2020) (citing *Cleary v. News Corp.,* 30 F.3d 1255, 1263 (9th Cir. 1994), *Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-CV-04895-WHO, 2017 WL 2775030,

at *3, 5 (N.D. Cal. June 27, 2017), and *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1142, 1153 (9th Cir. 2008)).

70. Defendant's unauthorized, continued use of the Infringing Mark, which is done without Pacific International Liquor's consent, is likely to cause confusion and mistake in the mind of the purchasing public and, thus, constitutes unfair competition in violation of the common law.

71. Pacific International Liquor has suffered irreparable harm as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Pacific International Liquor is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it from engaging in such unlawful acts.

72. On information and belief, Defendant's acts were done deliberately, willfully, intentionally and with knowledge of Pacific International Liquor's rights.

73. As a direct and proximate result thereof, Pacific International Liquor has sustained, and continue to sustain, damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

74. Pacific International Liquor is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts constituting common law unfair competition. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of their acts of unfair competition, but will prove such gains, profits, and advantages at trial.

## SIXTH CLAIM FOR RELIEF

**Unfair Competition**
**Cal. Bus. & Prof. Code § 17200** *et seq.*

75. Pacific International Liquor repeats and realleges paragraphs 1 through 75 hereof, as if fully set forth herein.

76. California Business and Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, deceptive, or unfair business act or practice.

77. An unfair competition claim under California Business and Professions Code § 17200 *et seq.* is "substantially congruent" to claims made under the Lanham Act, such as trademark

infringement under 15 U.S.C. § 1114(1) and false designation of origin under 15 U.S.C. § 1125(a)(1)(A). *La Terra Fina U.S., LLC v. Resers Fine Foods, Inc.,* 3:23-cv-02631-JSC, *5 (N.D. Cal. Feb 29, 2024) (quoting *Cleary v. News Corp.,* 30 F.3d 1255, 1262-63 (9th Cir. 1994)).

78. As alleged above, Defendant is engaged in unlawful trademark infringement and unfair competition which is likely to cause confusion in the marketplace.

79. A likelihood of confusion in the marketplace supports grounds for a violation of section 17200 *et seq. Levi Strauss & Co. v. Toyo Enterprise Co., Ltd.,* 665 F. Supp. 2d 1084, 1097 (N.D. Cal. 2009) (citing *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 632 (9th Cir. 2008), and *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).

80. Defendant's conduct has caused, and is likely to cause, public confusion, deception, mistake in the marketplace and infringes Pacific International Liquor's rights, including in its Kobe Mark and goodwill associated with it.

81. Defendant's conduct as stated herein of trademark infringement and unfair competition arising from the likelihood of confusion in the marketplace due to Defendant's use of the Infringing Mark on alcoholic beverages constitutes unfair methods of competition and/or unfair, unlawful, and/or deceptive business acts or practices in the conduct of any trade or commerce in violation of section 17200.

82. Pacific International Liquor has suffered irreparable harm as a result of Defendant's conduct, and Pacific International Liquor is without an adequate remedy at law. Pacific International Liquor is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it from engaging in such unlawful acts.

83. Pacific International Liquor is entitled to restitution in the amount of all of Defendant's profits earned in connection the foregoing activities in an amount to be determined at trial.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Pacific International Liquor demands a jury trial as to issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pacific International Liquor, Inc. respectfully requests that the Court enter judgment against Defendant Oliana Experience LLC as follows:

    a.    For judgment in its favor on each and every claim for relief set forth herein;

    b.    For all damages caused by Defendant's wrongful conduct described herein pursuant to 15 U.S.C. § 1117 and state law, as well as to account for all gains, profits and advantages derived by such wrongful conduct;

    c.    For disgorgement of any proceeds obtained from Defendant's use of the Infringing Mark;

    d.    For treble damages in accordance with 15 U.S.C. § 1117 based on a finding that Defendant's infringement is willful;

    e.    For a declaration pursuant to 15 U.S.C. § 1119 that Defendant does not have the right to registration of the Infringing Mark and the mark were to register on the Principal Register of the U.S. Trademark Office and ordering cancellation of such registration;

    f.    For an injunction temporarily, preliminarily and permanently enjoining Defendant, each of its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

        i.    engaging in any activity that infringes Pacific International Liquor's rights in its Kobe Mark or constitutes unfair competition with Pacific International Liquor;

        ii.    using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Pacific International Liquor or tend to do so;

        iii.    registering or applying to register any trademark, service mark, domain name (including but not limited to the Infringing Domain), trade name, or other source identifier or symbol of origin consisting of or incorporating the word "Kobe," which

is identical to the Kobe Mark, or any other mark that infringes or is likely to be confused with Pacific International Liquor's Kobe Mark, or any good of Pacific International Liquor, or Pacific International Liquor as their source; or

   iv.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (iii);

g.   Directing Defendant to transfer ownership of the Infringing Domain to Pacific International Liquor within thirty (30) days of an order so directing;

h.   Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Pacific International Liquor within thirty (30) days after service on Defendant of an injunction in this action, a report in writing under oath, setting forth in detail the manner and form in which Defendant have complied therewith;

i.   For an award of costs and reasonable attorneys' fees under the "exceptional case" provision of 15 U.S.C. § 1117(a);

j.   For an award of taxable costs (including expert witness fees) pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(b);

k.   For an award of interest, including prejudgment and post-judgment interest, on the foregoing sums; and

l.   For such other and further relief as the Court deems just and proper.

Dated:  March 6, 2025

**GREENSPOON MARDER LLP**

By: */s/ Sharon A. Urias*
      Sharon A. Urias

*Attorneys for Plaintiff Pacific International Liqour, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

_/s/ Marlee Grayson_